Honorable Carl A. Parker Chairman Senate Committee on Financial Institutions P. O. Box 12068 Austin, Texas 78711
Re: Whether article XVI, section 11 of the Texas Constitution requires that legislation tying the interest rate to a moving index fix an absolute maximum rate
Dear Senator Parker:
You ask whether article XVI, section 11 of the Texas Constitution requires that an absolute maximum interest rate be fixed in all cases where the authorized rate is tied to a moving index. Article XVI, section 11 provides in pertinent part:
 The Legislature shall have authority to . . . define interest and fix maximum rates of interest; provided, however, in the absence of legislation fixing maximum rates of interest all contracts for a greater rate of interest than ten per centum (10%) per annum shall be deemed usurious. . . .
We believe your question is answered by Letter Advisory No. 146 (1977) issued by this office. That letter addressed the question of whether the legislature could authorize the Finance Commission to establish maximum interest rates for small loans. It stated as follows:
 Article 16, section 11 authorizes the Legislature `to fix' maximum rates of interest. The word `fix' has a variety of meanings, depending upon the context. See Gist v. Rackliffe-Gibson Const. Co., 123 S.W. 921 (Mo. 1909). We believe the following definition from Webster's Second International Dictionary states the meaning of `fix' as it appears in this constitutional provision:
 to set or place definitely; to establish; . . . to determine; to assign precisely.
We note that Texas courts have assumed `fix' in this provision to be interchangeable with `establish.' See Freeman v. Gonzales County Savings Loan Ass'n, 526 S.W.2d 774, 777
(Tex.Civ.App.-Corpus Christi 1975) [aff'd, 534 S.W.2d 903
(Tex. 1976)]; Home Savings Ass'n of Dallas County v. Crow,514 S.W.2d 160, 165 (Tex.Civ.App.-Dallas 1974), aff'd,522 S.W.2d 457 (Tex. 1975). We believe the Constitution authorizes the Legislature to enact statutes establishing a precise figure as the maximum interest rate. If it does not enact such statutes, or if for other reasons there is no legislation fixing maximum interest rates for any class of transactions, the Constitution itself fixes a ten percent maximum.
In Attorney General Opinion MW-17 (1979), we considered the constitutionality of a bill which stated the interest rate as one percent more than the discount rate on 90-day commercial paper in effect on the day the loan is made. The bill, however, gave a minimum interest rate of 10% and a maximum rate of 12%. We found that the bill `fixes an absolute maximum rate of interest, in that in no instance may the rate exceed 12 percent a year.' We noted that if the legislature wished to ensure the validity of the bill, it could draft a severability clause to render the 12 percent maximum applicable regardless of the validity of the other provisions.
It is clear from Attorney General Opinion MW-17 and Letter Advisory No. 146 that a numerical maximum interest rate must be stated in legislation which attempts to set the interest rate. We do not believe that the legislature would in fact fix the maximum interest rate if it were to enact a formula permitting the computation of maximum interest from economic indicators. Such a statute might permit the computation of a precise maximum interest rate at any given time; however, it only fixes the interest rate in a relative sense. We believe the constitution requires the legislature to fix an absolute maximum interest rate.
 SUMMARY
Article XVI, section 11 of the Texas Constitution requires that legislation fixing the interest rate state a numerical maximum interest rate.
Very truly yours,
 Mark White Attorney General of Texas
 John W. Fainter, Jr. First Assistant Attorney General
 Richard E. Gray III Executive Assistant Attorney General
 Prepared by Susan L. Garrison Assistant Attorney General